# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DONALD E. MOORE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-244-HSM-CHSS |
| ANDERSON COUNTY DETENTION FACILITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and two motions for leave to proceed *in forma pauperis* [Docs. 2 and 4]. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 2 and 4] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Filing Fee

It appears from the motions for leave to proceed *in forma pauperis* [Docs. 2 and 4] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 2 and 4] will be **GRANTED**.

Because Plaintiff is incarcerated in the Anderson County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust

account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Anderson County to ensure that the custodian of Plaintiff's inmate trust account complies with the Prisoner Litigation Reform Act with regard to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. Allegations of the Complaint

Plaintiff alleges that on April 17, 2017, he received a letter from his attorney that was postmarked April 3, 2017 [Doc. 1 p. 3–4]. Plaintiff states that the letter was not only two weeks from the postmark date, it also had been opened outside of his presence and taped shut [*Id.* at 4]. Plaintiff asserts that this was a violation of his right to confidential correspondence with his attorney and could have jeopardized Plaintiff's legal case and representation [*Id.*]. As relief, Plaintiff states that he wants to have an attorney appointed and to file a lawsuit against Anderson County Detention Facility [*Id.* at 5].

### IV. Legal Analysis

Plaintiff's allegation that his mail was delayed and opened outside of his presence on one occasion is insufficient to state a claim for violation of his constitutional rights. *Johnson v. Wilkinson*, 229 F.3d 1152, at *2 (6th Cir. August 11, 2000) (holding that one isolated incident of interference with mail did not violate constitutional rights) (*citing Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)).

Moreover, to the extent that Plaintiff alleges that this mail incident deprived him of his right of access to the Courts, Plaintiff has not set forth any facts from which the Court can plausibly infer that Plaintiff was prejudiced by the alleged incident as required to state such a claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff "must plead and prove prejudice stemming from the asserted violation") (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996))

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983.

**V.     Conclusion**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE